Janet L. EVANS; Robert A. Coplin; Annette Barry–Smith; Rochelle Joyner; Ronald Smith; Bonnie L. Ford; Neil Skelton; Judith A. Samuel

v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY, its employees, agents, and/or servants Janet L. Evans; Robert A. Coplin, Appellants.

No. 10–3829.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) July 11, 2011.

Filed: July 21, 2011.

Terry Ridley, Esq., Raymond L. Hamlin, Esq., Hunt, Hamlin & Ridley, Newark, NJ, for Janet L. Evans, Robert A. Coplin, Annette Barry–Smith, Rochelle Joyner,

Ronald Smith, Bonnie L. Ford, Neil Skelton and Judith A. Samuel.

Rosemary Alito, Esq., K & L Gates, Newark, NJ, for Appellants.

Before: RENDELL, SMITH, and FISHER, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Janet Evans and Robert A. Coplin appeal from an order of the United States District Court for the District of New Jersey, which granted the motion for summary judgment filed by the Port Authority of New York and New Jersey.[1] For the reasons set forth below, we will affirm.

Evans and Coplin sued their employer, the Port Authority, asserting several causes of action alleging that the Port Authority had discriminated against them on the basis of race in failing to promote them.[2] The Port Authority succeeded in moving for the dismissal of several claims. After the close of discovery, the Port Authority filed a motion for summary judgment on the remaining claims of race discrimination under Title VII and 42 U.S.C. § 1983 by Evans, and of racial discrimination under § 1983 by Coplin. The District Court appropriately applied the *McDonnell Douglas* burden shifting framework.[3] The Court concluded that neither Evans nor Coplin had demonstrated a prima facie case of discrimination. In addition, the Court determined that the Port Authority had proffered legitimate, non-discriminatory reasons for its failure to promote Evans and Coplin and that neither had shown that these reasons were pretextual.

On appeal, Evans and Coplin contend that the District Court erred in granting summary judgment because it made credibility determinations. Our review of a court's grant of summary judgment is plenary. *Doe v. C.A.R.S. Protection Plus, Inc.*, 527 F.3d 358, 362 (3d Cir.2008).

■ Evans contends that the District Court erred in determining that she failed to demonstrate, as part of her prima facie case, that she was qualified for the position of Director of Government and Community Affairs. In her view, the Court erred because it made its own judgment as to her qualifications. The Court explained, however, that Evans failed to provide any evidence regarding the experience, knowledge, and skills required for the position. Nothing in our review provides a basis for concluding otherwise. Furthermore, Evans has not directed us to any evidence of record that refutes the District Court's determination. Because Evans failed to demonstrate a prima facie case of discrimination under either Title VII or § 1983, we conclude that the District Court did not

---

1. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We exercise jurisdiction under 28 U.S.C. § 1291. Because the Notice of Appeal specifically states that the appeal is from the District Court's grant of summary judgment, we decline to review any of the earlier rulings in this case. *See Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 184 (3d Cir.2010) (observing that "[i]f an appeal is taken only from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or 'fairly inferred' by the Notice").

2. Evans and Coplin are two of seven plaintiffs from the District Court proceeding. The other five chose not to participate in this appeal. Accordingly, we limit our discussion to the facts bearing on the contentions of error raised by Evans and Coplin.

3. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This framework, as the District Court properly noted, also applies to claims of racial discrimination asserted under § 1983. *Stewart v. Rutgers*, 120 F.3d 426, 432 (3d Cir.1997).

err by granting the Port Authority's motion for summary judgment.

■ The District Court also determined that Coplin failed to demonstrate the prima facie element that he was qualified for the position of Labor Relations Specialist. This was error, as Coplin demonstrated that he was among the eleven individuals interviewed for the position. *See Ezold v. Wolf, Block, Schorr and Solis–Cohen*, 983 F.2d 509, 523 (3d Cir.1992) (reiterating that a plaintiff meets his burden of adducing a prima facie case by showing that he "was sufficiently qualified to be among those persons from whom a selection, to some extent discretionary, would be made") (internal quotation marks and citation omitted).

The District Court did not err, however, in concluding that Coplin failed to show that the Port Authority's proffered reason for not promoting him was pretextual. The Court noted, and the record confirms, that the Port Authority explained that Coplin had not been selected for the position because he had received the next-to-lowest rating of the eleven candidates who were interviewed. The Port Authority pointed out that it had awarded the position to a Caucasian female who had attained the second-highest score during the interview process. Coplin does not challenge these facts. Instead, he asserts that the District Court employed the wrong standard. But as we explained above, *supra* n. 3, the Court applied the proper standard to his § 1983 claim.

■ Evans and Coplin also assert that the District Court erred because it failed to apply a mixed motive analysis. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). We disagree. A mixed motive case requires a plaintiff to demonstrate that race was a motivating factor. 42 U.S.C. § 2000e–2(m); *Desert Palace*, 539 U.S. at 101, 123 S.Ct. 2148. In the absence of a prima facie case of discrimination, or a showing that an employer's legitimate, nondiscriminatory reasons for its employment actions were either a post-hoc fabrication or a pretext, there is no inference of discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Without an inference that a protected factor played a part in an employer's action, there is no basis for a district court to apply a mixed motive analysis.

For the foregoing reasons, we will affirm.